UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICOLE BESAW et al., <br><br> Plaintiffs, <br><br> vs. <br><br> WELLS FARGO HOME MORTGAGE et al., <br><br> Defendants. | 3:15-cv-00590-RCJ-WGC <br><br> **ORDER** |

This case arises out of a residential mortgage foreclosure. Pending before the Court is a Motion to Dismiss (ECF No. 5). For the reasons given herein, the Court grants the motion, with leave to amend in part.

**I.   FACTS AND PROCEDURAL HISTORY**

In 2006, Plaintiffs Nicole and Ronnie Besaw gave lender World Savings Bank, FSB ("WSB") a mortgage to purchase real property at 3230 Diamond Ridge Drive in Reno, Nevada (the "Property"). (V. Compl. ¶¶ 3, 10, ECF No. 1-1). Plaintiffs defaulted in 2010. (*Id.* ¶ 11). Defendant Wells Fargo Home Mortgage ("Wells Fargo") is the successor-in-interest by merger with WSB. (*Id.* ¶ 3). On October 25, 2015, the trustee as to the deed of trust (the "DOT"), Defendant Quality Loan Service Corp. ("QLS"), served a Notice of Trustee's Sale (the "NOS")

on Plaintiffs. (*Id.* ¶ 12).[1]  Plaintiffs and Wells Fargo began negotiating a mortgage modification on March 23, 2015, but Wells Fargo contacted Plaintiffs twelve days before the scheduled trustee's sale of November 6, 2015 and informed them they would no longer consider them for a modification. (*Id.* ¶¶ 13–14).  Plaintiffs allege that Wells Fargo is in violation of "the federal prohibition of dual tracking," "federal and state prohibitions of having more than one point of contact," and that they cannot produce the Note and DOT. (*See id.* ¶¶ 14–17).

Plaintiffs sued Wells Fargo, QLS, and HSBC Bank USA, N.A. ("HSBC") (the trustee for the mortgage-backed security of which the beneficial interest in the Note and Deed of trust are a part) in state court for breach of contract, breach of the covenant of good faith and fair dealing, and negligence.  QLS (the only Defendant to have appeared) removed and has moved to dismiss for failure to state a claim.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the

---

[1] The allegations here are unorthodox and confusing.  Normally, a plaintiff in such a case will allege both the dates of the notice of default and election to sell (the "NOD") and also the date of the NOS.  Here, however, Plaintiffs have alleged that they were served with both documents on the same date, and although they allege they have attached both documents to the Complaint, only the NOS is in fact attached.

defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the

complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**III.    ANALYSIS**

QLS adduces copies of the August 16, 2006 Note and DOT as to the Property.  The $610,000 Note is an adjustable rate note starting at 6.375%, adjustable after one year and every year thereafter, but never to exceed 11.375% or to fall below 2.75%. (*See* Note 1–2, ECF No. 5-1).  The lender was Moneyline Lending Services, Inc. ("Moneyline"), not WSB. (*See id.* 1).  The DOT identifies Moneyline as the lender, Plaintiffs as the borrowers, Western Title as the trustee, the amount secured as $610,000, and the Property as the security. (*See* DOT 1–3, ECF No. 5-2).  The DOT also identifies Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary of the DOT and Moneyline's nominee with the power to foreclose.  The DOT includes an adjustable rate rider (the "Rider") mirroring the terms indicated on the Note. (*See* Rider 1–2, ECF No. 5-2, at 16).  Plaintiffs' signatures appear on the Note, the DOT, and the Rider. (*See* Note 6; DOT 14; Rider 4).  QLS also adduces a copy of an August 28, 2014

assignment of the Note and DOT ("Mortgage . . . together with the obligations therein described and the money due and to become due thereon . . . .") from Moneyline to HSBC as trustee for Wells Fargo's relevant asset-backed security. (*See* Assignment, ECF No. 5-3, at 1). The assignment was executed by an employee of MERS as the nominee of Moneyline. (*See id.*). QLS also adduces a copy of an April 29, 2015 substitution of trustee, whereby Wells Fargo, as servicing agent for HSBC, substituted QLS as trustee. (*See* Substitution, ECF No. 5-3, at 2). QLS notes that it recorded the NOD on June 29, 2015. QLS does not attach a copy, but public records of which the Court may take judicial notice confirm recordation of the NOD and Affidavit of Authority on that date.

QLS argues that it cannot be liable for breach of contract or contractual bad faith because Plaintiffs have not alleged that QLS is a party to any contract with Plaintiffs. Plaintiffs argue in response that QLS is liable under the contractual claims because it acted as an agent for Wells Fargo. Plaintiffs do not identify in the Complaint how Wells Fargo breached any contract except to allege that it violated state and federal foreclosure laws that the DOT indicates are to be complied with. The laws to be invoked are not identified, so the breach has not been sufficiently identified, however. The Court will dismiss the contractual claims, with leave to amend.

QLS next notes that Plaintiffs have not alleged that QLS has breached any duty of care owed to Plaintiffs, and it therefore cannot be liable for negligence. As this Court has noted, a negligence claim may be viable against a foreclosure trustee such as QLS (assuming the Nevada Supreme Court would adopt the approach of the California Supreme Court, and assuming that the statutory remedies for violations of the foreclosure statutes do not preempt a common law negligence claim), but the duties owed by a foreclosure trustee to mortgagors under such a theory are defined by the relevant foreclosure statutes. *See Weingartner v. Chase Home Fin., LLC*, 702

F. Supp. 2d 1276, 1290–91 (D. Nev. 2010) (Jones, J.).  Plaintiffs have not alleged violations of Nevada Revised Statutes section ("NRS") 107.080 or other relevant foreclosure statutes, and the Court perceives no violations based on the allegations and available evidence.  Nor will the Court give leave to amend this claim, because the economic loss rule prevents a negligence action in the present context.  There is no allegation of personal injury or damage to property, and in Nevada there is no hybrid cause of action for "negligent performance of a contract" resulting in purely economic harm.  The economic loss doctrine maintains the line between contract and tort by preventing contractual damages based upon a tort theory.  Tort liability under a negligence theory is not available where a contract governs the relationship between the parties and there is no personal injury or property damage. *See Terracon Consultants W., Inc. v. Mandalay Resort Grp.*, 206 P.3d 81, 87 (Nev. 2009) ("The economic loss doctrine draws a legal line between contract and tort liability that forbids tort compensation for certain types of foreseeable, negligently caused, financial injury.   The doctrine expresses the policy that the need for useful commercial economic activity and the desire to make injured plaintiffs whole is best balanced by allowing tort recovery only to those plaintiffs who have suffered personal injury or property damage." (citation and internal quotation marks omitted)).

    In summary, the claims against QLS are dismissed, with leave to amend to plead claims against QLS for breach of contract or violations of NRS 107.080 or other state or federal foreclosure laws.  Those are the only types of claims that can be brought against a foreclosure trustee in the present context.

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Extend Time (ECF No. 6) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 5) is GRANTED, with leave to amend in part.

IT IS SO ORDERED.

DATED: This 8th day of March, 2016.

_____
ROBERT C. JONES
United States District Judge